IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| McIver Rembert Feagin Jr., | ) | C/A No.: 1:10-2374-SB-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Florence County Detention Center; Lt. Michael Brown; Officer Travis Taylor; Officer Sharon Davis, | ) | |
| Defendants. | ) | |

Plaintiff, McIver Rembert Feagin, Jr. ("Plaintiff"), is a pre-trial detainee at the Florence County Detention Center ("FCDC"). Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations based on claims of excessive force and false arrest. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court. By separate order, the undersigned is authorizing service of process upon the three individual defendants.

I.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–325 (1989); *Haines v. Kerner*, 404 U.S. 519

(1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). When a court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, Plaintiff's complaint is subject to partial summary dismissal.

II. Discussion

The FCDC is a group of buildings or a facility. Inanimate objects—such as buildings, facilities, and grounds—do not act under color of state law. Hence, the FCDC is not a "person" subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons'

and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

III.     Recommendation

Accordingly, it is recommended that the district court summarily dismiss the Florence County Detention Center from the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

October 14, 2010                                               Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**